## CIRCUIT COURT OF FAIRFAX COUNTY

Glenn C. Lewis et al.

v.

Judith Anne Dean

July 8, 1992

Case No. (Law) 104021

BY JUDGE RICHARD J. JAMBORSKY

This is before the Court on Plaintiffs' Motion for Sanctions.

The Court has carefully reviewed the file; reviewed helpful memoranda; considered oral argument; and recalled the pertinent incidents at trial. The Court reluctantly concludes that the actions of defendant and her counsel were not so egregious as to justify an application of § 8.01–271.1 of the Va. Code, as amended, and as that Code provision is presently viewed by the Supreme Court of Virginia.

The Court found Mrs. Dean's counterclaim very disturbing. It penalized a competent and professional attorney for adhering to the high professional standards demanded of members of the family law bar who practice before this Court. Civility and cooperation between opponents, agreed discovery, a recognition that the lawyer and not the client controls the conduct of the case, negotiated settlements which avoid costly and futile litigation constitute a lawyer's conduct which best serves the client's and the public's interest. That is precisely the conduct which the lawyer in this case observed; and which unfortunately led to this countersuit by an emotional client when the lawyer tried to collect the balance of his fee. There was even credible evidence from the notes of the client's therapist that the client brought the suit as an extension or adjunct of her mental health therapy.

But defense counsel correctly argues:

> It is axiomatic that a legal malpractice claim will not lie
> without a supporting opinion from a duly qualified expert in

the relevant field. It is equally clear that once an opinion that there has been negligence is received from such an expert, a claim for malpractice cannot be deemed frivolous. A judge or a jury may disagree with the expert; indeed many trials are framed as so-called battle of the experts. But if the expert is qualified and finds negligence, then the claim of malpractice is legitimized.

In this case, a licensed attorney from Charlottesville swore that she was familiar with the standard of care and testified as an expert. The Court disagreed with all of her conclusions and actually struck some as being untenable as a matter of law. But some of her conclusions were at least appropriate for jury consideration. Accordingly, the counterclaim cannot be deemed so lacking in merit as to require a sanction.